United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

    Plaintiff,

    v.

THE ESTATE OF HILBERT J. COLEMAN et al.,

    Defendants.

No. C-05-1773 MMC

**ORDER GRANTING MOTION TO DISMISS; VACATING HEARING**

(Docket No. 5)

      Before the Court is the motion, filed July 15, 2005 by defendants The Estate of Hilbert J. Coleman ("Estate") and Maria Coleman, to dismiss the above-titled action. Plaintiff Connecticut General Life Insurance Company ("CGLIC") has filed opposition to the motion, to which the Estate and Maria Coleman have filed a reply. Defendants Daisy Coleman and Malaika King have neither joined in the motion, nor filed a response to it.[1] Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the August 26, 2005 hearing. For the reasons set forth below, the motion is GRANTED.

---

[1] Malaika King answered the complaint on July 8, 2005. To date, Daisy Coleman has not appeared in the action.

# BACKGROUND[2]

CGLIC issued an annuity policy to decedent Hilbert J. Coleman. (See Compl. ¶ 9.) Hilbert J. Coleman died on October 6, 2003, and is survived by two daughters, Maria Coleman and Daisy Coleman. (See id. ¶¶ 9-10.) The Estate is currently in probate proceedings in the Alameda County Superior Court, Case No. RP03121354. (See id. ¶ 3.) The administrator of the Estate is Maria Coleman. (See id.)

On December 1, 2003, Daisy Coleman completed a proof of claim with CGLIC, claiming she was entitled to $200,000 in annuity funds in Hilbert J. Coleman's name. (See id. ¶ 11.) In her proof of claim, she alleged that no administrator would be appointed for the estate and that she was entitled to make the claim as Hilbert J. Coleman's next of kin. (See id.) Based on her representations, a CGLIC representative calculated the then-present value of the annuity at $183,965.24 and issued a check in that amount to Daisy Coleman. (See id. ¶ 12.)

On July 21, 2004, CGLIC was contacted by Maria Coleman, who contended that the annuity funds should have been deposited with the Estate and that Daisy Coleman had no legal authority in connection with the Estate. (See id. ¶ 13.) On August 18, 2004, in an attempt to recover the funds it paid to Daisy Coleman, CGLIC brought a lawsuit in this District against Daisy Coleman, Connecticut General Life Ins. Co. v. Daisy Coleman, Case No. C-04-3392 MEJ. (See id. ¶ 14.) In that action, CGLIC obtained a default judgment against Daisy Coleman in the amount of $183,965.24 and is currently in the process of attempting to collect on the judgment. (See id. ¶ 14.)

CGLIC has tendered $100,000 to the Estate, which CGLIC states "represents one-half of the total $200,000 due under the annuity policy." (See id. ¶ 16.) CGLIC further alleges:

> Defendants Maria Coleman and Daisy Coleman are the only beneficiaries of the Estate of Hilbert J. Coleman. Defendant Daisy Coleman has already received more than her fair share of the annuity proceeds. Therefore, the

---

[2] To the extent the following section sets forth facts taken from the allegations of the complaint, such facts are presumed true for purposes of the instant motion to dismiss.

2

> payment of $100,000.00 represents the maximum liability of Plaintiff CGLIC to the Estate of Hilbert J. Coleman. In the event that Defendant Malaika King[3] is able to prove entitlement to a portion of the Estate of Hilbert J. Coleman, Plaintiff CGLIC is ready, willing and able to pay an additional amount to the Estate of Hilbert J. Coleman, set off by the amount that was already paid to Defendant Daisy Coleman.

(See id. ¶ 16.)

CGLIC filed the instant action on April 28, 2005. CGLIC seeks a declaratory judgment that "upon Plaintiff's deposit of $100,000.00 with the Estate of Hilbert J. Coleman, Plaintiff had no further obligations to the Estate of Hilbert J. Coleman, to any of the beneficiaries of the Estate of Hilbert J. Coleman, known or unknown, including Defendants Maria Coleman, Daisy Coleman and Malaika King." (See id. ¶ 21.)

**DISCUSSION**

The Estate and Maria Coleman move to dismiss the instant action, on two grounds. First, they argue that the Court should decline to exercise jurisdiction because of ongoing state proceedings. Second, they argue that Daisy Coleman should be realigned as a plaintiff, which would destroy diversity and require dismissal of the action.[4]

**A. Ongoing State Proceedings**

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act gives the district court discretion to hear a declaratory judgment action, but does not impose a duty to do so. See Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (en banc). A

---

[3] The complaint does not allege the nature of Malaika King's claim to any portion of the Estate.

[4] The Court declines to address the argument, raised for the first time in the reply, that the instant case falls within the probate exception to federal jurisdiction, as CGLIC has not been afforded an opportunity to respond to the argument. See, e.g., Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 843 n. 6 (9th Cir. 2004) (refusing to consider argument raised for first time in reply because opposing party had no opportunity to respond).

3

court "'cannot decline to entertain such an action as a matter of whim or personal disinclination,'" however, but should follow the "prudential guidance" set forth in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) and its progeny. See Dizol, 133 F.3d at 1223 (quoting Public Affairs Associates v. Rickover, 369 U.S. 111, 112 (1962)).

In Brillhart, an insurance company brought suit in federal court, seeking a declaratory judgment to determine its rights under a reinsurance agreement with respect to an automobile accident in which James Dwight Brillhart ("Brillhart") was killed. See Brillhart, 316 U.S. at 492. Thereafter, the administrator of Brillhart's estate brought suit against the insurance company in a state court garnishment proceeding, and moved to dismiss the federal suit on the ground that the issues could be decided in the garnishment proceeding in state court. See id. at 493. The Supreme Court, in reviewing the district court's dismissal of the action, held that "[o]rdinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." See Brillhart, 316 U.S. at 495. The Supreme Court further held that, in exercising its discretion under the Declaratory Judgment Act, the district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." See id. at 495. Such a determination "may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there," as well as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." See id.

The Ninth Circuit has further explained:

> The Brillhart factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.

See Dizol, 133 F.3d at 1225 (citations omitted).  The Brillhart factors are "not exhaustive," however, and the Ninth Circuit has noted other considerations may be relevant, including:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.

See id. at 1225 n.5 (quotation and citation omitted).  "In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."  Id.  "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically."  Id. at 1225.

        Defendants argue that the Court should decline to hear the instant declaratory relief action because of the pendency of the state court probate proceeding.  Defendants point out that the beneficiary of the annuity policy CGLIC issued to Hilbert J. Coleman is the Estate.  (See Request for Judicial Notice ("RJN") Ex. 1 (Policy Schedule).  Defendants argue that the instant case cannot be decided without the Court's first determining the beneficiaries of the Estate, an issue that is already the subject of the probate proceeding.[5]  Defendants further contend that the resolution of that issue "requires navigation of California's state succession laws, which is best left to a state court."  (See Motion at 6.)

        CGLIC responds that the only issue to be determined in the instant action is its obligation to the Estate, which, it contends, "is largely one of contract interpretation and does not depend on the 'navigation of California's complex intestate succession laws.'"  (See Opp. at 5.)  According to CGLIC, the distribution of the Estate's assets in the probate proceeding is irrelevant to the issue of whether CGLIC has fulfilled its obligations to the Estate.  The Court disagrees.  As noted above, CGLIC's theory in the instant action is that Maria Coleman and Daisy Coleman are the only beneficiaries of the Estate, that CGLIC has already paid Daisy Coleman more than her share of the annuity proceeds, and that,

---

[5] Defendants also note that CGLIC has filed a lien against Daisy Coleman in the probate proceeding, in the amount of $183,965.24.  (See RJN Ex. 2.)

5

accordingly, CGLIC's payment of $100,000 to the Estate represents its maximum liability to the Estate.  (See Compl. ¶ 16.)  The Court expresses no opinion as to the merits of CGLIC's position at this time, but notes only that CGLIC's theory is dependent on a determination of the beneficiaries of the Estate, an issue that is already pending in the probate proceeding.  See, e.g., In re Marshall, 392 F.3d 1118, 1136 (9th Cir. 2004) (noting purpose of probate court is to determine "the lawful distribution of the decedent's estate"); see also California v. Broderson, 247 Cal. App. 2d 797, 804 (1967) ("The ultimate purpose of probate proceedings is to secure distribution of the decedent's estate to those persons lawfully entitled to it.").  Were this Court to retain jurisdiction over the instant action, this Court would be required to decide issues of state law that already are being litigated in the probate action.

Accordingly, the Court declines to retain jurisdiction over the instant action for declaratory relief and will grant defendants' motion to dismiss.  See Dizol, 133 F.3d at 1225 and n.5 (holding district court, in determining whether to exercise discretion to hear declaratory relief action, should avoid needless determination of state law issues and consider whether action will result in entanglement between the federal and state court systems).

**B.  Realignment of Parties**

As a result of the above ruling, the Court does not reach defendants' argument as to realignment of the parties.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is hereby GRANTED and the action is DISMISSED, without prejudice to CGLIC's refiling it in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 17, 2005

_____
MAXINE M. CHESNEY
United States District Judge